UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                        CRIMINAL ACTION

VERSUS                                          NO: 08-164

BARBARA SIMMONS DOWL                            SECTION: R

                           **ORDER AND REASONS**

   On April 4, 2011, the Court received a letter from Dowl requesting release from the custody of the Bureau of Prisons so that she may visit her ailing mother. The Court construes Dowl's letter as a motion for temporary release. Because the Director of the Bureau of Prisons has not filed a motion for Dowl's release, the Court DENIES the motion.

**I.   BACKGROUND**

   On June 5, 2009, a jury found Dowl guilty of two counts of theft of government funds, in violation of 18 U.S.C. § 641 (Count 1 and Count 5); two counts of making a false statement to a federal agent or agency, in violation of 18 U.S.C. § 1001 (Counts 2 and 3); and one count of wire fraud, in violation of 18 U.S.C. § 1343 (Count 4).[1] On October 7, 2009, the Court sentenced Dowl to 69 months imprisonment.[2]

   On October 1, 2010, Dowl filed a motion to vacate, set

---

[1] R. Doc. 96.

[2] R. Doc. 124.

aside, or correct her sentence under 28 U.S.C. § 2255.[3] The Court denied Dowl's motion, except to the extent that it would resentence Dowl on Counts 2 and 3 of the second superseding indictment.[4] In the order denying Dowl's motion, the Court specifically stated that the relief granted did not affect Dowl's sentence of 69 months imprisonment as to Counts 1, 4, and 5, to be served concurrently.

## II. DISCUSSION

Dowl now moves for a temporary release from the custody of the Bureau of Prisons ("BOP") so that she may visit her ailing mother before her sentencing hearing.[5] In ruling on Dowl's section 2255 motion, the Court held that it would resentence Dowl as to Counts 2 and 3 of the second superseding indictment, but that the relief granted did not affect Dowl's sentence of 69 months imprisonment as to Counts 1, 4 and 5. Dowl's motion for temporary release, therefore, is construed as a request for modification of an imposed term of imprisonment under 18 U.S.C. § 3582(c), rather than a motion for release pending sentence under 18 U.S.C. § 3143.

"A district court's authority to correct or modify a

---

[3] R. Doc. 130.

[4] R. Doc. 141.

[5] R. Doc. 144.

sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(c)." *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010) (quoting *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)).  Title 18, United States Code, section 3582(c)(1)(A) provides in pertinent part that "the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment ... if it finds that (i) extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. 3582(c) (emphasis added).  Thus, a district court may not grant a "compassionate release" absent the filing of a motion by the Director of the BOP.  *See Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (holding that district court lacked jurisdiction to grant compassionate release to federal prisoner where no motion requesting a modification of sentence had been filed by the Director of BOP); *United States v. Gonzales*, 59 F.3d 1240, 1995 WL 412993, at *2 (5th Cir. 1995) (holding that "motion for compassionate release" did not satisfy 18 U.S.C. § 3582(c)(1)(A) because the BOP did not file a motion to reduce the term of imprisonment); *United States v. Rayonez*, No. 10-288-2, 2010 WL 2690622, at *1 (D. Ariz. July 6, 2010) (denying defendant's request for temporary release to visit terminally ill father because the BOP did not file a motion requesting defendant's early or temporary release); *United States v. Marks*, No. 06-20018, 2009 WL 275410, at *2 (W.D. La. Feb. 4,

2009) (holding that the court did not have authority to grant request for early release under section 3582(c)(1)(A) because the BOP had not filed a motion for compassionate release). Here, the Director of the BOP has not filed a motion for Dowl's compassionate release. Accordingly, the Court does not have authority to grant Dowl's request for temporary release.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Dowl's motion for temporary release.

New Orleans, Louisiana, this 11th day of April, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE