UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 08-164 |
| BARBARA SIMMONS DOWL | SECTION: R |

### ORDER AND REASONS

Before the Court is Barbara Dowl's motion for reconsideration of the court's denial of her section 2255 motion, and for release pending habeas corpus.[1] For the following reasons, the Court DENIES the motions.

### I.  BACKGROUND

On June 5, 2009, a jury found Dowl guilty of two counts of theft of government funds, in violation of 18 U.S.C. § 641 (Count 1 and Count 5); two counts of making a false statement to a federal agent or agency, in violation of 18 U.S.C. § 1001 (Counts 2 and 3); and one count of wire fraud, in violation of 18 U.S.C. § 1343 (Count 4).[2]  On October 7, 2009, the Court sentenced Dowl to 69 months imprisonment.[3]

---

[1]  R. Doc. 146; R. Doc. 153.

[2]  R. Doc. 96.

[3]  R. Doc. 124.

On October 1, 2010, Dowl filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.[4] In her section 2255 motion, Dowl argued that (1) in light of the United States Supreme Court's decision in *Skilling v. United States*, 130 S. Ct. 2896 (2010), her wire fraud conviction was invalid; (2) she was denied effective assistance of counsel when her appellate counsel failed to file a supplemental brief in light of *Skilling*; and (3) her sentence exceeded the statutory maximum sentence under 18 U.S.C. § 1001.  On March 24, 2011, the Court denied Dowl's motion, except to the extent that it would resentence Dowl on Counts 2 and 3 of the second superseding indictment.[5]

On March 30, 2011, Dowl filed a "Second Supplemental Memorandum" and requested that the Court treat the filing as a motion for reconsideration.[6] In the motion, Dowl argues that (1) her wire fraud conviction is invalid under *Skilling*; (2) she was denied effective assistance of counsel; (3) the Court improperly instructed the jury on honest services fraud; (4) 18 U.S.C. § 1343 contains a structural error and violates due process; (5) her sentence exceeded the statutory maximum sentence under 18 U.S.C. § 1001; and (6) the Court's sentencing enhancement determinations violated her right to a jury verdict.  Dowl has

---

[4]  R. Doc. 130.

[5]  R. Doc. 141.

[6]  R. Doc. 146.

also filed a motion for release pending habeas corpus raising arguments made in her motion for reconsideration, and asserting that there are exceptional and extraordinary circumstances warranting her release.[7]

## II. LEGAL STANDARD

A district court has considerable discretion to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy*

---

[7] R. Doc. 153.

*Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

**III. DISCUSSION**

   **(A) Successive Section 2255 Petition**

In her motion for reconsideration, Dowl makes several arguments not raised in her original section 2255 motion.  In her motion for reconsideration, Dowl argues that she was denied effective assistance of counsel when her attorney (i) told the jury that her husband was already in jail in connection with the case; (ii) failed to investigate and secure witnesses and to impeach the prosecution's witnesses; (iii) ignored her request for a bench trial; and (iv) allowed her to be sentenced in excess of the statutory maximum under 18 U.S.C. § 1001.  In addition, Dowl argues that she was denied effective assistance of appellate counsel when her attorney (i) did not file a supplemental brief in light of the United States Supreme Court's decision in *Skilling v. United States*, 130 S. Ct. 2896 (2010); (ii) did not challenge the legality of her sentence under section 1001; (iii) failed to consult with Dowl and raise a claim that Dowl was found "guilty by association"; and (iii) failed to consult with Dowl and raise a claim that she witnessed pre-deliberation by the jury.  But, in the briefs accompanying Dowl's original section 2255 motion, Dowl only claimed ineffective assistance of counsel

based on appellate counsel's failure to file a supplemental brief in light of the Supreme Court's decision in *Skilling*.[8]  Further, in her motion for reconsideration, Dowl argues for the first time that 18 U.S.C. § 1343 contains a structural error that violates due process.  Additionally, Dowl's argument that the Court's sentencing enhancement determinations violated her right to a jury verdict is also raised for the first time in her motion for reconsideration.

To the extent that Dowl advances entirely new arguments, her motion for reconsideration is a successive section 2255 motion. *See Williams v. Thaler*, 602 F.3d 291, 302-05 (5th Cir. 2010) (holding that a Rule 59(e) motion may be construed as a second or successive habeas petition when it seeks to add a new ground for relief); *United States v. Anderson*, No. 95-040, 1998 WL 512991, at *1-2 (E.D. La. Aug. 14, 1998) (construing Rule 59(e) motion as a second section 2255 motion when petitioner raised issues that could have been raised in the original petition but were not).  A petition is successive when it "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  A district court cannot exercise jurisdiction over a

---

[8]  R. Doc. 139 at 3-4.

second or successive section 2255 petition without authorization of the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Dowl has not complied with this requirement; therefore, the Court dismisses the new arguments raised in her motion for failure to receive certification from the Fifth Circuit. Accordingly, the Court will address only those arguments relating to claims raised in Dowl's original section 2255 motion.

### (B) Honest Services Fraud

In her motion for reconsideration, Dowl once again challenges her wire fraud conviction under 18 U.S.C. § 1343 as invalid under *Skilling v. United States*, 130 S. Ct. 2896 (2010). As the Court stated in its order denying Dowl's section 2255 motion, there are no allegations of honest services fraud, explicitly or implicitly, in the indictment. The Court finds that the honest services provision was not the basis for Dowl's wire fraud conviction. In addition, because Dowl was not charged with honest services fraud, Dowl's appellate counsel was not ineffective for failing to raise the issue on appeal. Because Dowl has not "clearly established either a manifest error of law

or fact" or "present[ed] newly discovered evidence," the Court denies Dowl's motion under Rule 59(e).  *See Ross*, 426 F.3d at 763.

Dowl also challenges the wire fraud instruction given to the jury in this case.  Specifically, Dowl argues that if she was not charged with honest services fraud, an honest services fraud instruction should not have been given to the jury.  The Court instructed the jury:

> Count four charges the defendant with wire fraud.  For you to find the defendant guilty of this crime, you must find that the government has proved each of the following elements beyond a reasonable doubt: First, that the defendant knowingly created a scheme to defraud, that is, knowingly and willfully devised a scheme and artifice *to defraud and obtain money* by means of false pretenses; secondly, that the defendant acted with a specific intent to defraud; third, that defendant used Interstate wire communications facilities or caused another person to use Interstate wire communications for the purpose of carrying out the scheme; and third, that the scheme to defraud employed false, material misrepresentations.
> A "scheme to defraud" includes any scheme to deprive another of money, property or the intangible right to honest services by means of false or fraudulent pretenses, representations or promises.[9]

Although the Court defined a "scheme to defraud" as a scheme to deprive another of money, property or the intangible right to honest services, the Court finds that the reference to honest services was harmless error.  A "constitutional error occurs when a jury is instructed on alternative theories of guilt and returns

---

[9] R. Doc. 122 at 84 (emphasis added).

a general verdict that may rest on a legally invalid theory. *Skilling*, 130 S. Ct. at 2934 (citation omitted).  But, such a jury instruction error does not automatically vacate a conviction.  *Id.*  On a motion for post-conviction relief, the inquiry is whether the claimed "flaw" in the instructions "had a substantial and injurious effect or influence in determining the jury's verdict."  *Hedgpeth v. Pulido*, 555 U.S. 57, 129 S. Ct. 530, 530-31 (1993) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

 Even if the jury charges could be construed as instructing the jury on honest services fraud as an alternative theory of guilt, the Court holds that the instruction did not have a substantial and injurious effect or influence in determining the jury's verdict.  In defining the elements of the offense, the Court stated that the Government had to prove beyond a reasonable doubt that Dowl knowingly devised a scheme "to defraud and obtain *money*."  *Cf. United States v. Pelisamen*, No. 10-10022, 2011 WL 1378640, at *5 (9th Cir. April 13, 2011) ("It is true that use of the term 'defraud' in the jury instructions and jury verdict form without a reference to money or property is less than ideal [,][b]ut it does not tilt the equities in favor of reversal, given how obvious it is that this is a case of pecuniary fraud.").

Further, in charging the jury, the Court read the allegations of wire fraud from the indictment. As stated in this Court's order denying Dowl's section 2255 motion, the indictment does not contain any allegations of honest services fraud. Specifically, the indictment as read to the jury provides:

> On or about May 15, 2007, in the Eastern District of Louisiana and elsewhere, the defendant, BARBARA SIMMONS DOWL, for the purpose of executing and attempt to execute the scheme and artifice to defraud, and for the obtaining money and property by means of false and fraudulent pretenses, representations and promises, did knowingly and willfully cause to be transmitted in interstate commerce certain writings, signs, signals and sounds by means of wire communications from the Eastern District of Louisiana to New York City, New York; specifically, from the First American Title Company, and its bank, acting for the Louisiana Road Home Program in New Orleans, Louisiana to the account of the Small Business Administration at the Federal Reserve Bank in New York City, New York; that was a wire transfer of $46,000 of Louisiana Road Home HUD Community Development Block Grant Funds for which she knew she was not entitled, to partially pay off a Small Business Administration loan in the name of the defendant; all in violation of Title 18, United States Code, Section 1343.[10]

The indictment, as read to the jury, clearly states that the charge of wire fraud was based on a scheme to deprive the Government of money, not of the intangible right to honest services. *See id.* at *4-5 (finding a conviction was based on a valid "money or property" theory of wire fraud because, among other reasons, "the entire basis of the indictment was that

---

[10] R. Doc. 63 at 7; R. Doc. 122 at 80.

Defendant has helped himself to money that did not belong to him").

In addition, the trial transcript reflects that there was no evidence elicited or arguments made at trial that Dowl schemed to defraud the Government or anyone else of the intangible right to honest services. Instead, the evidence at trial and the arguments made by both the Government and defense counsel focused solely on the transfer of money. Because the indictment does not allege honest services fraud and no evidence or arguments were presented regarding honest services fraud, the Court finds that the jury could not have found Dowl guilty of wire fraud based on an honest services fraud theory rather than a money or property fraud theory. *See United States v. Segal*, Nos. 09-3403, 09-3684, 2011 WL 1642831, at *1-2 (7th Cir. May 3, 2011) (holding erroneous submission of honest services fraud charge to the jury was harmless when "the jury would- and most certainly did- convict [defendant] for money/property fraud, irrespective of the honest services charge"); *United States v. Skilling*, No. 06-20885, 2011 WL 1290805, at *3-8 (5th Cir. Apr. 6, 2011) (holding instruction permitting jury to convict defendant on either securities fraud theory or improper honest services fraud theory was harmless because there was overwhelming evidence that the defendant conspired to commit securities fraud); *United States v. Black*, 625 F.3d 386, 391-93 (7th Cir. 2010) (holding new trial

was not warranted on charge that defendants committed mail and wire fraud because no reasonable jury could have acquitted the defendants of pecuniary fraud but convicted them of honest services fraud).  Accordingly, the Court holds that the use of the term "honest services" in defining a scheme to defraud was harmless error.

### (C) Motion for Release

Petitioner has also filed a motion to be released on bail pending disposition of her 28 U.S.C. § 2255 motion.  A motion for release pending disposition of a section 2255 motion will be granted only if "(1) the petitioner has raised a substantial constitutional claim upon which [she] has a high probability of success, and (2) extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."  *United States v. Pratt*, 304 F. App'x 299, 2008 WL 5381338, at *1 (5th Cir. 2008) (citing *Calley v. Callaway*, 496 F. 2d 701, 702 (5th Cir. 1974)).  The Court has denied Dowl's section 2255 motion and her request for reconsideration.  Accordingly, the Court also denies Dowl's motion for release pending disposition of her section 2255 motion.

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES Dowl's motion for reconsideration and Dowl's motion for release.

New Orleans, Louisiana, this 13th day of June, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE