```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                      CRIMINAL ACTION

VERSUS                                        NO: 08-164

BARBARA SIMMONS DOWL                          SECTION: R
```

## ORDER AND REASONS

Before the Court is Barbara Dowl's motion to amend judgment pursuant to Federal Rule of Civil Procedure Rule 60(b).[1] Dowl also moves for appointment of counsel and release from custody in order to appear before the Court in connection with this motion. Because the Court finds that Dowl has not established exceptional circumstances justifying relief, the Court DENIES the motions.

**I.   BACKGROUND**

On June 5, 2009, a jury found Dowl guilty of two counts of theft of government funds, in violation of 18 U.S.C. § 641 (Count 1 and Count 5); two counts of making a false statement to a federal agent or agency, in violation of 18 U.S.C. § 1001 (Counts 2 and 3); and one count of wire fraud, in violation of 18 U.S.C. § 1343 (Count 4).[2] On October 7, 2009, the Court sentenced Dowl to 69 months imprisonment.[3]

---

[1]  R. Doc. 163.

[2]  R. Doc. 96.

[3]  R. Doc. 124.

On October 1, 2010, Dowl filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.[4] On March 24, 2011, the Court denied Dowl's motion, except to the extent that it would resentence Dowl on Counts 2 and 3 of the second superseding indictment.[5] The Court issued the judgment on March 30, 2011. Also on March 30, 2011, Dowl filed a "Second Supplemental Memorandum" and requested that the Court treat the filing as a motion for reconsideration.

The Court denied Dowl's motion on June 13, 2011.[6] The Court noted that Dowl had raised several new arguments in her motion for reconsideration that were not advanced in her original section 2255 petition, and accordingly construed the motion for reconsideration as a successive section 2255 petition.[7] *See Williams v. Thaler*, 602 F.3d 291, 302-305 (5th Cir. 2010)(holding that a Rule 59(e) motion may be construed as a second or successive habeas petition when it seeks to add a new ground for relief). Because Dowl had not received her certificate from the court of appeals, *see* 28 U.S.C. § 2244(b)(3)(A), the Court dismissed the new arguments raised in her motion for lack of jurisdiction.[8]

---

[4] R. Doc. 130.

[5] R. Doc. 141.

[6] R. Doc. 158.

[7] *Id.* at 5.

[8] *Id.* at 6.

Dowl argues that this Court "stated that the pleading was a successive §2255 motion because it had been received by the Clerk of Court after a final judgment on the original §2255 pleading."[9] Dowl argues that she mailed her motion for reconsideration on March 21, 2011, but that it was returned.  She then re-mailed it on March 30, 2011.  Because Dowl mailed the motion for reconsideration before the Court executed the judgment, Dowl argues, the Court erred in characterizing her motion for reconsideration as a successive section 2255 petition.  Dowl now moves the Court to amend the judgment.

## II.  LEGAL STANDARD

A district court has broad discretion to grant or deny a motion under Rule 60(b).  *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998).  Under Rule 60(b), a court will grant relief from a final judgment or order only upon a showing of one of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

---

[9]  R. Doc. 163 at 1.

   (4) the judgment is void;

   (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

   (6) any other reason justifying relief from the operation of judgment.

Fed. R. Civ. P. 60(b).  The burden of establishing at least one of these reasons is on the moving party, and the determination of whether that burden has been met rests with the discretion of the Court.  *See Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

### III.  DISCUSSION

   Relying on Rule 60(b), Dowl seeks relief from the June 13, 2011 order and asks the court to consider the arguments raised in her motion for reconsideration on the merits.  To the extent she claims the Court erred in characterizing her motion for reconsideration as a successive habeas petition, Dowl herself is mistaken.  The Court's June 13, 2011 order makes clear that "[t]o the extent that Dowl advances entirely new arguments, her motion for reconsideration is a successive section 2255 motion."[10]  The Court based its holding not on the date on which Dowl mailed her

---

   [10]  R. Doc. 158 at 5.

motion, but on the new arguments included in that motion.  In the absence of any mistake, relief under Rule 60(b)(1) is inappropriate.

Dowl further argues that "[i]t would be a manifest injustice to refuse to consider the merits" of her motion for reconsideration.[11]  Rule 60(b)(6) motions will be granted "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).  Dowl argues that her "defense counsel violated a court order which caused" her guilty verdict.[12]  This claim appears to be the same as the ineffective assistance of counsel claims she advanced in her motion for reconsideration.[13]  Nearly every circuit construes Rule 60(b) motions that advance new claims as successor section 2255 petitions.  *See Williams v. Thaler*, 602 F.3d 291, 302 (5th Cir. 2010)(citing *U.S. v. Roberts*, 360 Fed. Appx. 584, 585 (5th Cir. 2010)).  Without authorization from the court of appeals, this Court lacks jurisdiction to consider successive section 2255 petitions, whether they are styled as such, or as a motion pursuant to Rule 59(e) or Rule 60(b).  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

---

[11]  R. Doc. 163 at 2-3.

[12]  *Id.* at 2.

[13]  R. Doc. 146 at 11.

order authorizing the district court to consider the application."); *see also Williams*, 602 F.3d at 303-04 (construing both Rule 59(e) and Rule 60(b) motions as successive habeas petitions if those motions raise new claims).

The Court finds that Dowl has failed to show "exceptional circumstances" that would justify relief under Rule 60(b)(6). The Court further finds that, to the extent the present motion advances a new argument from Dowl's original section 2255, the Court lacks jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Dowl's motion to amend judgment. Dowl's motion for appointment of counsel and motion for release or transfer and motion for oral argument are likewise DENIED as moot.

New Orleans, Louisiana, this <u>3rd</u> day of October, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE