UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 08-164 |
| BARBARA SIMMONS DOWL | SECTION: R |

**ORDER AND REASONS**

Before the Court is Barbara Dowl's motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] For the following reasons, Dowl's motion is DENIED.

I. **BACKGROUND**

On June 5, 2009, a jury found Dowl guilty of two counts of theft of government funds, in violation of 18 U.S.C. § 641 (Count 1 and Count 5); two counts of making a false statement to a federal agent or agency, in violation of 18 U.S.C. § 1001 (Counts 2 and 3); and one count of wire fraud, in violation of 18 U.S.C. § 1343 (Count 4).[2] On October 7, 2009, the Court sentenced Dowl to 69 months imprisonment.[3]

---

[1] R. Doc. 174.

[2] R. Doc. 96.

[3] R. Doc. 124.

On October 1, 2010, Dowl filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.[4]  On March 24, 2011, the Court denied Dowl's motion, except to the extent that it would resentence Dowl on Counts 2 and 3 of the second superseding indictment.[5]  The Court issued the judgment on March 30, 2011.  Also on March 30, 2011, Dowl filed a "Second Supplemental Memorandum" and requested that the Court treat the filing as a motion for reconsideration.

The Court denied Dowl's motion on June 13, 2011.[6]  The Court noted that Dowl had raised several new arguments in her motion for reconsideration that were not advanced in her original section 2255 petition, and accordingly construed the motion for reconsideration as a successive section 2255 petition.[7]  *See Williams v. Thaler*, 602 F.3d 291, 302-305 (5th Cir. 2010)(holding that a Rule 59(e) motion may be construed as a second or successive habeas petition when it seeks to add a new ground for relief).  Because Dowl had not received her certificate from the court of appeals, *see* 28 U.S.C. § 2244(b)(3)(A), the Court

---

[4]  R. Doc. 130.

[5]  R. Doc. 141.

[6]  R. Doc. 158.

[7]  *Id.* at 5.

dismissed the new arguments raised in her motion for lack of jurisdiction.[8]

Dowl then filed a motion for reconsideration, which the Court denied on October 3, 2011.[9] Dowl now contends that she is entitled to a reduced sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 749 to the United States Sentencing Guidelines.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(2), a district court may reduce a prison term "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see U.S. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). The decision to reduce a sentence under § 3582(c)(2) is left to the "sound discretion" of the trial court. *Boe*, 117 F.3d at 831; *U.S. v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Any reduction must be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1). A motion filed under Section 3582(c)(2) "is not the appropriate vehicle" for relitigating issues that could have been raised at sentencing. *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994). *See*

---

[8] *Id.* at 6.

[9] R. Doc. 169.

*also Dillon v. U.S.*, 130 S. Ct. 2683, 2690 (2010)("By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the modification of a term of imprisonment . . . .")(internal quotations omitted).

### III. DISCUSSION

Dowl argues that she is entitled to a reduction in sentence based on Retroactive Amendment 749.[10] This amendment responds to a directive in the Patient Protection and Affordable Care Act of 2010, Pub. L. No. 111-148. Amendment 749, Appx. C, U.S.S.G. It amends, *inter alia*, 2B1.1(b) to address defendants who were convicted of Federal health care offenses. *Id.* By its terms, Amendment 749 does not pertain to theft of government funds, false statements, and wire fraud, the offenses Dowl committed. Because Amendment 749 did not modify the guidelines applicable to Dowl's offenses, § 3582(c)(2) does not authorize a sentence reduction. *See* U.S.S.G. § 1B1.10(a)(2)("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

---

[10] R. Doc.

To the extent that Dowl asks the Court to otherwise modify her sentence, the Court lacks jurisdiction to consider successive section 2255 petitions without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

IV. **CONCLUSION**

For the foregoing reasons, the Court DENIES Dowl's motion to reduce her sentence.

New Orleans, Louisiana, this __16th__ day of March, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE